IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| YANKEECUB, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOYCE FENDLEY, STEVEN FENDLEY, DOES 1-5, and ABC COMPANIES 1-5,<br><br>　　　　　Defendants.<br><br>JOYCE FENDLEY,<br><br>　　　　　Counter-Claimant,<br><br>vs.<br><br>YANKEECUB, LLC,<br><br>　　　　　Counter-Defendant. | CV-21-42-BU-BMM<br><br>**ORDER** |

## INTRODUCTION

Yankeecub, LLC ("Yankeecub") filed this action in Montana state court to dispute a land contract entered with Joyce Fendley ("Joyce"). Yankeecub joins Steven Fendley ("Steven") and other presently unknown defendants in the action. Yankeecub seeks to rescind the land contract with Joyce, collect damages for

fraudulent misrepresentation by Joyce, and collect damages for conspiracy by all defendants. (Doc. 4). Yankeecub alternatively requests declaratory relief as to the parties' rights and obligations per the agreement and an award of damages for Joyce's alleged breach. *Id*.

Joyce removed this action based on diversity on May 3, 2021. (Doc. 1). Joyce answered Yankeecub's complaint on May 14, 2021. (Doc. 5). Joyce added a counterclaim against Yankeecub for breach of contract. *Id*. Joyce also filed a third-party complaint against Mitchell Rose for breach of covenant of good faith and fair dealing on May 28, 2021. (Doc. 9).

Yankeecub filed a motion for remand on June 1, 2021. (Doc. 11). Yankeecub claims that Joyce improperly removed this case to federal court. (Doc. 12). Yankeecub argues that the forum selection clause incorporated within the Agreement requires remand to state court. *Id*. Joyce responds that the forum selection clause does not apply to this action. (Doc. 17). Steven filed a motion to dismiss himself as a defendant for lack of personal jurisdiction. (Doc. 23). Steven argues that he owns no property and conducts no business in Montana. *Id*. Steven asserts that Yankeecub failed to present any jurisdictional facts to satisfy Montana's assertion of personal jurisdiction over him. *Id*. Yankeecub contends that Steven owns property and conducts business in Montana through his marriage to

Joyce and benefit from Joyce's Montana endeavors. (Doc. 29). The Court held a motion hearing on July 27, 2021. (Doc. 30).

## BACKGROUND

Yankeecub entered into a buy-sell agreement with Joyce on March 16, 2005. (Doc. 4 at 3). Yankeecub agreed to transfer interests in two Gallatin County parcels of land to Joyce for money consideration. *Id*. Joyce received a two-fifth interest in Tract B and a two-third interest in Tract 2 (collectively the "Property"). *Id*. at 2. Joyce claims she paid $1,398,000 for the Property. (Doc. 5 at 11). Yankeecub denies the amount's accuracy. (Doc. 15 at 2).

Yankeecub and Joyce executed an "improvements agreement" (the "Agreement") on March 29, 2005. (Docs. 4 at 3; 13-1). The Agreement held Yankeecub responsible for subdividing and constructing improvements on the Property by October 31, 2008. (Doc. 13-1 at 2). Joyce agreed in turn to "not take any action which will interfere with Yankeecub's application for subdivision without Yankeecub's written consent." *Id*. Joyce also agreed not to "transfer any interest in the [P]roperty to any party that may interfere with [Yankeecub]'s application for subdivision." *Id*.

Joyce secured a line of credit for $1,500,000 from Mountain West Bank using the Property as collateral. (Doc. 4 at 3). The bank recorded a deed of trust against each parcel of the Property on June 30, 2005. *Id*. This happened again on

May 11, 2006, to secure a $500,000 line of credit. *Id*. This happened once more on December 29, 2006, for a $650,000 line of credit. *Id*. at 4. Yankeecub claims that Joyce failed to acquire Yankeecub's express consent before the transfer of the interests in land to the bank. (Doc. 4 at 3–4).

Yankeecub claims to have spent at least the agreed upon $125,000 to develop infrastructure on the Property in failed attempts to obtain a subdivision approval from Gallatin County. (Doc. 4 at 4). Yankeecub claims that it could not obtain approval because the funds Joyce received in exchange for partial interest in the Property encumbered the Property and were used to pursue projects not associated with the Property. *Id*. Yankeecub accuses Steven of being involved with or benefitting from the "other projects" for which the loan funds were used for. *Id*.

Yankeecub and Joyce entered into another buy-sell agreement with Rising Bear Properties, LLC on September 24, 2020, to sell the Property for $940,943.84. *Id*. Yankeecub and Joyce entered into a sale proceeds disbursement agreement where the proceeds of $890,165.94 would be distributed from American Land Title into a trust maintained by Joyce's counsel until allocation of the funds could be determined. The funds remain in the trust currently. *Id*. at 5.

Yankeecub filed an initial complaint against Joyce and Steven on March 18, 2021. (Doc. 1-1). Joyce removed the case on May 3, 2021. (Doc. 1). Joyce filed an answer to Yankeecub's complaint with a counterclaim against Yankeecub on May

14, 2021. (Doc. 5). Joyce filed a third-party complaint against Mitchell Rose on May 28, 2021. (Doc. 7). Yankeecub filed a motion to remand on June 1, 2021. (Doc. 11). and Yankeecub filed an answer to Joyce's counterclaim on June 4, 2021. (Doc. 15). Joyce responded to the motion to remand on June 29, 2020. (Doc. 17). Steven filed a motion to dismiss himself for lack of personal jurisdiction on July 8, 2021. (Doc. 23). Yankeecub responded to Steven's motion to dismiss on July 27, 2021. (Doc. 29). The Court will address in turn both arguments for each motion.

## ANALYSIS

The Court first determines whether this dispute should be remanded to Montana's Eighteenth Judicial District Court to enforce the Agreement's forum-selection clause. The Montana state court will determine whether personal jurisdiction may be asserted over Steven if the case is remanded. This Court will make the determination only if the dispute remains in federal court.

I.  **Motion to Remand**

Yankeecub moves this Court to remand the case back to the Montana state court in Gallatin County, Montana, pursuant to 28 U.S.C. § 1447. Yankeecub seeks to enforce the Agreement's forum selection clause. Yankeecub asserts Joyce's removal was improper and requests an award for attorney fees as costs for the removal.

### a. Forum-selection Clause

District courts ordinarily should transfer a case to the forum specified in a contract when the parties agreed upon a valid forum selection clause. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Tex.*, 571 U.S. 49, 60 (2013). Forum selection clauses represent the parties' agreement to the most proper forum. *Id.* at 63. Enforcement of forum selection clauses in bargained for agreements protect the parties' legitimate expectations and "furthers vital interests of the justice system." *Id.* (quoting *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

District courts apply federal contract law to interpret the enforceability of forum selection clauses in diversity cases. *Yei A. Sun v. Advanced China Healthcare, Inc.,* 901 F.3d 1081, 1086 (9th Cir. 2018); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 512 (9th Cir. 1988). Courts use general principles of contract interpretation to ascertain the meaning of a forum selection clause under federal law. *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). Contract terms receive their ordinary meaning. *Ferrari, Alvarez, Olsen & Ottoboni v. The Home Insurance Company*, 940 F.2d 550, 553 (9th Cir. 1991). Courts ascertain the parties' intent from the contract itself when the terms are clear. *Id*.

The disputed forum selection clause reads as follows:

> "B. <u>Venue</u>. Venue for any court action to enforce the terms of this Agreement shall be in Gallatin County, Montana, except for mediation actions taken pursuant to ¶ 8 thereof."

(Doc. 13-1 at 4).

The paragraph (¶ 8) referenced in the clause prescribes mediation as the parties' preferred means of dispute resolution. *Id*. at 3–4. The paragraph also describes the overall process and limitations of mediation. *Id*. The sub-section titled "Limitations" states as follows: "Notwithstanding any provision to the contrary, the mediation procedure set forth herein shall in no way be construed to deprive [Yankeecub] and [Joyce] from any judicial remedies provided at law, or by agreement herein, and is intended solely as an informal dispute resolution mechanism." *Id* at 4.

Yankeecub asserts that Joyce stipulated in the Agreement that any action arising under the agreement shall be in Gallatin County, Montana. (Doc. 12 at 2–3). Yankeecub argues removal rights by the parties are waived when a forum selection clause in their contract limit venue to a particular county where there is no federal courthouse. *Id*. *See also City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1308 (9th Cir.2019). Joyce offers three reasons why the motion to remand should be denied: (1) the forum selection clause does not apply to the removed action; (2) Yankeecub may not be permitted to seek recission of a contract and

7

enforcement of the same contract; and (3) Yankeecub failed to comply with L.R. 7.1. (Doc. 17 at 2).

### i. Applicability to the Dispute

Forum selection clauses can be applicable to both contractual and tort causes of action. *Manetti-Farrow*, 858 F.2d at 514. Whether the clause applies to tort claims depends on whether resolution of those claims relate to the interpretation of the contract. *Id*. A forum selection clause is prima facie valid and should be enforced unless the objecting party can make a strong showing that: (1) the clause is invalid due to fraud or overreaching; (2) enforcement would contravene public policy of the forum which suit is brought; or (3) trial in the contractual forum will be so gravely difficult that the objecting party will essentially be deprived of due process. *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10, 15 (1972); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

Valid forum selection clauses may be either 'permissive' or 'mandatory.' Permissive clauses establish venue in a specified court, but say nothing about the court possessing exclusive jurisdiction. Mandatory clauses require litigation in a specified court. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77–78 (9th Cir. 1987). Where a contract requires litigation in a particular court, the language of the clause requires exclusive jurisdiction. *Id*. It is not exclusive and

mandatory when the clear language leaves open that more than one court shall have jurisdiction. *Id.*

Yankeecub argues that Joyce agreed to the forum. (Doc. 12 at 2–3). Yankeecub states that the Agreement obliged the parties to bring their claims to Gallatin County. (Doc. 18 at 3). Yankeecub contends that bringing a claim to this Court would be inappropriate because Gallatin County does not have a federal courthouse. (Doc. 12 at 2–3).

Joyce responds that the forum selection clause does not apply to "any and all actions" under the Agreement. (Doc. 17 at 5). Joyce argues that Yankeecub bears the burden of proving the clause encompasses the recission claim. *Id*. *See Ferrari,* 940 F.2d at 553. Joyce argues Counts I and IV of Yankeecub's complaint are incompatible forms of relief that preclude enforcement of the clause. *Id*. at 6.

Courts make a strong presumption that favors enforcement of the parties' bargained-for choice of forum. *Cornus Corp. v. GEAC Enterprise Solutions, Inc.*, 356 F. App'x 993, 995 (9th Cir. 2009). The Ninth Circuit determined a clause to be enforceable if it contained mandatory language that directs contractual claims to be brought in a particular county. *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989). The clause in *Docksider* reads as follows: "Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia."

*Id*. Such mandatory language establishes the named county as the exclusive venue for actions arising enforce the terms of the agreement. *Id*. at 764.

The Northern District of California applied the reasoning from *Docksider* to a contract containing a similar clause to the one here. *Air Ion Devices, Inc. v. Air Ion, Inc.*, 2002 WL 1482665 (N.D. Cal. 2002). The parties in *Air Ion* agreed that "any action commenced by [plaintiff] to enforce its rights against [defendant] shall be brought in the County of Marin, State of California." *Id*. at 2. The Ninth Circuit deemed a forum selection clause in another case to be permissive and declined to enforce the clause. *Hunt*, 817 F.2d at 76, 77–78. The clause reads as follows: "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or interpretation of this contract". *Id*. at 76. The Ninth Circuit denied the motion despite the broad scope of claims that could be brought in the forum because the language did not hold the county as the exclusive forum for enforcement of the agreement. *Id*. at 78.

The Agreement's forum selection clause, read in conjunction with the rest of the contract, sufficiently establishes Gallatin County as the proper forum for Yankeecub's claims. The terms of the Agreement, given their plain meaning, establish the parties' preferred method for dispute resolution. (Doc. 13-1 at 4). The Agreement states that the terms are not intended to deprive either party of *any* judicial remedies provided by law. *Id*. The Agreement requires any dispute over

the meaning and interpretation of the Agreement to be in accordance with Montana laws. *Id*. Montana law favors contracts interpretation to make them lawful and operative so long as enforcement does not violate the parties' intent. Mont. Code Ann. § 28-3-201. Contract terms are interpreted as how the promisor believed the promisee would understand them. Mont. Code Ann. § 28-3-306.

One remedy sought by Yankeecub would enforce the terms of the Agreement. The forum selection clause clearly prescribes Gallatin County as the exclusive forum for the enforcement of the Agreement. Yankeecub reasonably could believe Joyce would understand the forum selection clause to grant exclusive jurisdiction to *any* action arising to enforce the Agreement. The Agreement involves the sale of land in Gallatin County. (Docs. 4 at 3–4; 5 at 2). The Agreement described obligations to be performed in Gallatin County. (Doc. 13-1 at 2–3). The forum selection clause stated, "any court action to enforce the terms of the Agreement shall be in Gallatin County." *Id*. at 4. The clause permits alternate forms of remedy when read within the full context of the Agreement. The clause does not preclude any judicial remedy provided by law.

### ii. Reliance on Clause while also Seeking Recission

Federal courts, under the doctrine of res judicata, require plaintiffs to assert all causes of action in their complaint that arise out of the same transactional nucleus of facts. *Manego v. Orleans Board of Trade*, 773 F.2d 1, 6 (1985), *cert*.

*denied*, *Manego v. Orleans Board of Trade*, 475 U.S. 1084 (1986); Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir. 1982). Montana state courts also adopt their own similar doctrine. *See Stanley L. and Carolyn M. Watkins Trust v. Lacosta*, 92 P.3d 620, 626 (2004).

A pleading asserting a claim for relief must state a demand for the relief sought. Fed. R. Civ. Pro., § 8(a). The pleading may include alternative or different types of relief. *Id*. A party may also state as many alternate, hypothetical, or separate claims as they have, either in a single count or separate counts, regardless of their consistency. *Id*. § 8(d).

Joyce argues that Yankeecub may not invoke (or at least be granted) remedy based upon both affirmance and disaffirmance of the Agreement. (Doc. 17 at 7). Joyce alternatively requests Counts I, II, and III to be dismissed with prejudice if the Court enforces the forum selection clause. *Id*. *See also* (Doc. 4 at 6–8). Yankeecub responds that res judicata requires Yankeecub to assert any alternative causes of action. (Doc. 18 at 3–4). Yankeecub would be barred from raising a claim in a future action if Yankeecub failed to raise the claim here. *Id*.

Federal courts and Montana state courts both bar claims that could have been asserted in a prior suit between the same parties and involving the same cause of action, whether they were asserted or not. Yankeecub would be precluded from raising the claims in future actions if Yankeecub chose not raised all the potential

claims here. Yankeecub possessed no alternative but to assert all the potential claims in this action.

The district court in *Air Ion* remanded the action back to state court despite the plaintiff seeking to rescind the contract among the other forms of relief. *Air Ion*, 2002 WL 1482665, at *1. Another district court in the Ninth Circuit enforced a forum selection clause despite the plaintiff seeking contrary forms of relief. The Ninth Circuit agreed that remand was proper. *Calisher & Associates, Inc. v. RGCMC, LLC*, 2008 WL 4949041 (C.D. Cal. 2008), *aff'd*, *Calisher & Associates, Inc. v. RGCM, LLC*, 373 F. App'x 697 (9th Cir. 2010).

The Agreement remains a presently enforceable contract under Montana law. The mutually exclusive nature of the remedies sought fails to change the enforceability of the forum selection clause. Forum selection clauses do not function as grounds for (or defense against) recovery. *Cornus Corp.*, 356 F. App'x at 995. The clauses only address the proper forum to litigate those grounds or defenses. *Id*. The Court's decision of whether to remand a case remains a matter of judicial procedure, not a remedy. Yankeecub may seek enforcement of the facially valid clause while also asserting claims to rescind the Agreement.

   iii. **Compliance with Local Rule 7.1**

Motions for remand on any basis other than lack of subject matter jurisdiction must be made within 30 days. 28 U.S.C. § 1447(c). Local rules for the

13

District of Montana further require motions to state that the other parties have been contacted and whether any party objects to the motion. D. Mont. L.R. 7.1(c)(1). The local rules warn that a failure to comply with L.R. 7.1 may result in summary denial of a motion. D. Mont. L.R. 7.1(c)(4). Joyce claims Yankeecub failed to provide opportunity to stipulate to the remand. (Doc. 17 at 3, 9). Joyce argues that the rule imposes a duty upon Yankeecub to affirmatively state whether Joyce objected to the motion. *Id*.

This Court entered Joyce's notice of removal on May 3, 2021. (Doc. 1). Counsel for Yankeecub notified Joyce's counsel via email of Yankeecub's intent to file a motion to remand by the end of business on June 1, 2021 to comply with § 1447. (Doc. 18-1). Yankeecub's counsel sent the email at 2:11 p.m. *Id*. The email requested a reply by 4:00 p.m. the same day. *Id*. Joyce's counsel did not reply during the given timeframe. (Doc. 18 at 4). Yankeecub's counsel filed the motion at 5:35 p.m. the same day because of the statutory period for filing a motion to remand under § 1447. (Doc. 11).

L.R. 7.1(c)(1) serves many important functions. A primary function of the rule forces the parties to contact each other with their issues before involving the Court. *Alliance for the Wild Rockies v. Austin*, 2014 WL 12600523 at *1 (D. Mont. 2014). The rule encourages the independent resolution of minor and uncontested issues. *Id*. Yankeecub furnished Joyce with less than two hours to respond then

filed the motion approximately three hours after the email was sent. (Doc. 18 at 4). Yankeecub failed to comply with the spirit of the rule by the restrained attempt to confer with Joyce. *See SAGA Petroleum, LLC v. Arrowhead Drilling*, LLC, 2010 WL 4922505 at *1 (D. Mont. 2010).

Yankeecub managed to comply with the text of L.R. 7.1. The motion properly included a statement that the Joyce had been contacted. Yankeecub also included its belief that Joyce would object to the motion. Circumstances sometimes arise where plaintiffs may not be able to include an affirmation of whether the other party objects. *See Willink v. Boyne USA, Inc.*, 2013 WL 357321 at *1 (D. Mont. 2013).

The Court declines to summarily deny the motion in this particular instance. The Court instead reminds Counsel of the importance of adhering to the Local Rules and embodying their purpose. Certain situations remain where the Court may elect to summarily deny a motion for similar conduct. The short notice suffices because of Yankeecub's belief that the motion must be filed by the end of business on June 1, 2020, to comply with the § 1447. Yankeecub included in the motion a reasonable inference that Joyce may object to the motion because of Joyce's initial removal from state court.

### b. Attorney Fees

Yankeecub asserts that Joyce improperly removed this action and requests an award for attorney fees and costs. (Doc. 12 at 3). Yankeecub relies on 28 U.S.C. § 1447(c) which states that a motion to remand a case based on any defect other than lack of subject matter jurisdiction, "may require payment of just costs and any actual expenses, including attorney fees, incurred because of the removal." The Ninth Circuit holds that a motion for remand granted based on a valid forum selection clause is not a defect under Section 1447(c). *Kamm v. ITEX Corp.*, 568 F.3d 752, 757 (9th Cir. 2009). The Court declines to award Yankeecub attorney fees and costs incurred because of Joyce's removal based on the Ninth Circuit interpretation of Section 1447(c) to not encompass remands based upon forum selection clauses.

## CONCLUSION

The plain language of the Agreement prescribes Gallatin County as the proper venue for any claims arising to enforce the terms of the Agreement. The forum selection clause remains applicable to all of Yankeecub's claims. The Federal Rules of Civil Procedure allow Yankeecub to assert all potential claims and alternate remedies in one court action. The Agreement expresses that Montana law governs its interpretation. The land sits within Gallatin County. The Agreement remains an enforceable written contract containing a prima facie valid

forum selection clause. Joyce fails to show enforcement of the clause to be unreasonable under these circumstances.

## ORDER

Accordingly, **IT IS ORDERED** that:

- Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**.

- Defendant Steven Fendley's Motion to Dismiss (Doc. 23) now falls moot and is thereby **DENIED**.

Dated the 10th day of August, 2021.

_Brian Morris_
Brian Morris, Chief District Judge
United States District Court